UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ADAM A. LOCKE,

        Plaintiff,

        v.                                          Case No. 25-CV-1607

SHERIFF DAVID ZOERNER, CO SMOCZYNSKI,
CO K. SCHEIBER, CO V. MILLER, CO T. HEETER,
SGT. SIMPSON, SGT. MAY, and LT. SCHROEDER,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Adam A. Locke, who is currently incarcerated at Kenosha County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). He has also been assessed and paid an initial partial filing fee of $43.00. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## THE COURT'S ANALYSIS

Plaintiff seeks to pursue claims based on allegations that (1) a number of correctional officers retaliated against him at various points in time; (2) he has been forced to go to the bathroom and wash up in front of both male and female inmates without any privacy; (3) he has not been provided adequate clothing while housed at the jail; and (4) he has not received adequate medical treatment for his mental and physical health conditions. The complaint must be dismissed because Plaintiff improperly brings unrelated claims in a single case.

As instructed by the Seventh Circuit, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions

in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The incidents Plaintiff describes in his complaint occurred on different days and involved different people. The purported claims against the defendants do not arise out of the same transaction or occurrence nor do they share common questions of law or fact. For example, the factual and legal underpinnings of Plaintiff's claim that he was denied his right to privacy will have nothing in common with the factual and legal underpinnings of his claim that he was not provided adequate medical care. Plaintiff's complaint therefore violates Rules 18 and 20. If Plaintiff wants to continue with this action, he must file an amended complaint that contains only related claims.

Moreover, as Plaintiff considers which claims to pursue, he is reminded that § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation."

3

*Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Further, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under § 1983, nor does § 1983 create collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). This means that only the individual(s) who are allegedly responsible for a violation will be liable. A supervisor is not liable for the alleged misconduct of his or her subordinates unless a plaintiff can demonstrate that the supervisor turned a blind eye to the misconduct while it was occurring. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) To be clear, a supervisor failing to discipline a subordinate for a completed act is not the same as a supervisor turning a blind eye to an ongoing act.

If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. An amended complaint must be filed on or before **December 29, 2025**.

Should Plaintiff choose to file an amended complaint with only related claims, it will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). Plaintiff should prepare his amended complaint like he is telling a story to someone who knows nothing about the facts of his case. In other words, he should explain (1) what happened; (2) who was involved; (3) when it happened; and (4) how he was impacted by what happened. Plaintiff may pursue unrelated claims in different lawsuits, but he is reminded that he must pay the filing fee for every new lawsuit he files. Plaintiff must also use the court's amended complaint form. *See* Civil L.R. 9(b). If he needs additional space, he may add up to *five* pages.

If Plaintiff files an amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A. If he chooses not to file an amended complaint, the court will dismiss this action based on his failure to diligently prosecute it.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepaying the full filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on October 20, 2025, is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff is directed to file an amended complaint on or before **December 29, 2025**, which contains only related claims in accordance with this order. If he does not file an amended complaint, the court will dismiss this action based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $307.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

>Honorable Byron B. Conway
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on November 24, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge